UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANWAR SAIED JOUMAA<br><br>*Plaintiff,*<br><br>v.<br><br>JACOB J. LEW<br>in his official capacity as<br>Secretary of the Department of the Treasury<br><br>*Defendant,*<br><br>and<br><br>THE UNITED STATES DEPARTMENT<br>OF THE TREASURY, OFFICE OF FOREIGN<br>ASSETS CONTROL<br><br>*Defendant.* | CIV. NO. _____<br><br>**WRIT OF MANDAMUS**<br><br>**ECF** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
IN THE NATURE OF MANDAMUS AND OTHER APPROPRIATE RELIEF**

Plaintiff, Anwar Saied Joumaa, hereby files this complaint against Defendants, United States Department of the Treasury's Office of Foreign Assets Control ("OFAC"), United States Department of the Treasury, and Secretary of the Treasury Jacob J. Lew, and petitions this Court to compel OFAC to release: (1) the unclassified portions of the administrative record used to support Plaintiff's designation under the Foreign Narcotics Kingpin Designation Act ("Kingpin Act"); (2) an unclassified summary of the classified portions of the administrative record used to support Plaintiff's designation under the

1

Kingpin Act; and (3) a statement of reasons outlining the factual basis for Plaintiff's designation under the Kingpin Act.

## NATURE OF THE CASE

1.  On January 26, 2011, acting pursuant to the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 *et. seq.*, the United States Department of the Treasury's Office of Foreign Assets Control designated Plaintiff for his alleged "involvement in the drug trafficking or money laundering activities of the Joumaa organization."[1] This designation imposed sanctions on Plaintiff, including a block on all of his property and interests in property within U.S. jurisdiction.

2.  Prior to his designation under the Kingpin Act, Plaintiff, a Lebanese citizen, was living and working in Lala Village, Bekaa, Lebanon. Following his Kingpin Act designation by U.S. authorities, Lebanese authorities placed a block (or "freeze") on Plaintiff's assets held in Lebanon. Since then, Plaintiff has had limited, if any, access to his assets.

3.  In response to his Kingpin Act designation, Plaintiff sought administrative recourse to rebut the evidence used against him and to seek rescission of his designation. Plaintiff filed a request for administrative reconsideration of his Kingpin Act designation on March 17, 2015. That reconsideration case has remained pending before OFAC for the past eight (8) months.

4.  On May 5, 2015, Plaintiff filed a request for the administrative record OFAC relied up on in designating Plaintiff so that he may have a reasonable opportunity to rebut the allegations and evidence used against him. At the time of this filing, OFAC has yet to

---

[1] PRESS RELEASE, Treasury Targets Major Lebanese-Based Drug Trafficking and Money Laundering Network, U.S. Dept. of the Treasury, Jan. 26, 2011, *available at* https://www.treasury.gov/press-center/press-releases/Pages/tg1035.aspx.

release the administrative record relied upon in designating Plaintiff. Without the release of such materials, Plaintiff cannot sufficiently respond to the allegations against him and is therefore hampered in his ability to contest his designation through either a demonstration that an insufficient basis exists to maintain his designation or that there has been a fundamental change in circumstances to warrant a rescission of his Kingpin Act designation.

5.     Through this action, Plaintiff asks the Court to order Defendants to release: (1) a copy of the unclassified documents used to support Plaintiff's designation under the Kingpin Act; (2) an unclassified summary of the classified documents used to support Plaintiff's designation under the Kingpin Act; and (3) a statement of reasons outlining the factual basis for Plaintiff's designation under the Kingpin Act. Plaintiff has exhausted all administrative means for obtaining such evidence and is entitled to access such records in accordance with post-deprivation due process considerations under the Fifth Amendment and the Administrative Procedure Act. Plaintiff fears that OFAC will render an unfavorable decision on his reconsideration request if he is not afforded an opportunity to rebut the information in the administrative record relied upon in designating him. Without receiving the materials for which relief is requested, Plaintiff will be unable to sufficiently address the factual allegations underlying his Kingpin Act designation, as there will be no opportunity for the Plaintiff to understand what specific facts OFAC relied upon in making its designation.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over this action pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, the Mandamus Act, 28 U.S.C. § 1361, the Declaratory

3

Judgment Act, 28 U.S.C. §§ 2201(a), 2202, and the Administrative Procedure Act, 5 U.S.C. § 706(1). The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1331 and 28 U.S.C. § 1361.

6. Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b), (e), as the Defendants reside in this District.

## PARTIES

7. On or about January 26, 2011, Plaintiff was designated under the Kingpin Act and his name was included on the Specially Designated Nationals and Blocked Persons List ("SDN List") maintained and administered by OFAC. Exhibit A attached hereto is a true and accurate copy of the SDN List containing Plaintiff's name and the name of his associated entities.[2]

8. Plaintiff is and was at all times mentioned herein a citizen of Lebanon. Plaintiff is also a citizen of Colombia and Venezuela. Plaintiff is currently residing in Lala Valley, Bekaa, Lebanon and is employed as an independent farmer of fruits and vegetables there.

9. Defendant Office of Foreign Asset Control ("OFAC") is a United States federal administrative agency located at the United States Department of the Treasury, 1500 Pennsylvania Ave., NW, Annex, Washington, D.C. 20220. The United States Department of the Treasury is responsible for the financial and economic security of the United States. The United States Department of the Treasury is also responsible for overseeing various offices, including the Office of Foreign Assets Control. Plaintiff is informed and believes thereon that OFAC is responsible for making decisions regarding

---

[2] Counsel has not provided the entire SDN List because the List is over 500 pages. Counsel has provided the specific page of the SDN List where Plaintiff's name appears.

placing persons on, and removing persons from, the SDN List pursuant to the Kingpin Act, and its implementing regulations at 31 C.F.R. Part 501 and 598, the "Reporting and Recordkeeping Requirements Regulations" and the "Foreign Narcotics Kingpin Sanctions Regulations," respectively.

10.     Defendant Jacob J. Lew is the Secretary of the Treasury of the United States. Mr. Lew is sued in his official capacity.

## LEGAL BACKGROUND

11.     The Foreign Narcotics Kingpin Designation Act ("Kingpin Act") was designed to "provide authority for the identification of, and application of sanctions on a worldwide basis to, significant foreign narcotics traffickers, their organizations, and the foreign persons who provide support to those significant foreign narcotics traffickers and their organizations, whose activities threaten the national security, foreign policy, and economy of the United States." 21 U.S.C. § 1902. As such, the Kingpin Act authorizes the President to impose blocking sanctions on "any significant foreign narcotics traffickers publicly identified" in an annual report that the President is mandated to submit to specific Congressional committees. 21 U.S.C. § 1904(b)(1) ("…there are blocked as of such date, and any date thereafter, all such property and interests in property within the United States, or within the possession or control of any United States person…"). Moreover, the Kingpin Act provides additional authorities to the Secretary of the Treasury, acting in consultation with the heads of several other federal agencies, to designate "any foreign person…materially assisting in, or providing financial or technological support for or to, or providing goods or services in support of, the

international narcotics trafficking activities of a significant foreign narcotics trafficker"; "any foreign person…owned, controlled, or directed by, or acting for or on behalf of, a significant foreign narcotics trafficker"; and "any foreign person…playing a significant role in international narcotics trafficker." 21 U.S.C. § 1902(2)-(4).  Foreign persons who are so designated are subject to blocking sanctions under the Kingpin Act. 21 U.S.C. § 1904(b).

12. On July 5, 2000, OFAC issued the Foreign Narcotics Kingpin Sanctions Regulations, 31 C.F.R. Part 598, to implement the Kingpin Act.  Pursuant to 31 C.F.R. § 598.202, all property and interests in property within the United States, or within the possession or control of any U.S. person, which are owned or controlled by a specially designated narcotics trafficker are deemed blocked.  As a result, such assets cannot be dealt or transacted in or in relation to.

13. Parties designated pursuant to the Kingpin Act are included on the Specially Designated Nationals and Blocked Persons List ("SDN List") maintained and administered by OFAC.  Designated parties can contest their designations according to procedures established by OFAC.  The procedures governing delisting from the SDN List are set forth at 31 C.F.R. § 501.807.  The procedures are applicable to "person[s] blocked under the provisions of any part of this chapter, including a specially designated national, specially designated terrorist, or specially designated narcotics trafficker…" 31 C.F.R. § 501.807(a).

14. The regulations provide that a blocked person may seek administrative reconsideration of their designation and thus seek to have the designation rescinded.  Specifically, blocked persons may assert either that the initial designation was in error or

that a fundamental change in circumstances has occurred to warrant delisting. 31 C.F.R. § 501.807. Further, blocked persons may submit to OFAC in writing "arguments or evidence that the person believes that insufficient basis exists for the designation." 31 C.F.R. § 501.807(a).

15. OFAC regulations are silent as to whether the agency is required to disclose the evidence on which it bases its designations. However, courts have interpreted due process to require the release of such records so that an affected party may have the opportunity to respond to such evidence. In previous challenges to OFAC designations, courts have held that post-deprivation due process requires disclosure of the unclassified portions of the administrative record; the unclassified summary of the classified portions of the administrative record relied upon in rendering a designation; and a statement of reasons outlining the factual basis of a designation. *See Holy Land Found. for Relief & Dev. V. Ashcroft*, 333 F.3d 156, 163-64 (D.C. Cir. 2003); *Al-Haramain Islamic Found. v. U.S. Dept. of the Treasury*, 686 F.3d 965, 983-984 (9th Cir. 2011); *Zevallos v. Obama*, 10 F. Supp. 3d 111, 129 (D.D.C. 2014); *Kindhearts for Charitable Humanitarian Dev. Inc. v. Geithner*, 647 F. Supp. 2d 857, 905 (N.D. Ohio 2009). OFAC is thus required, at the very least, to provide a statement of reasons for a designation and to disclose the unclassified portions of the administrative record and/or an unclassified summary of the classified evidence used to support a designation so that designated parties may be able to produce evidence to rebut the record or otherwise negate the factual basis of their designation. *Holy Land*, 333 F.3d at 163-64; *Al-Haramain*, 686 F.3d at 984; *Zevallos*, 10 F. Supp. 3d at 129; *Kindhearts*, 647 F. Supp. 2d at 905.

## PROCEDURAL AND FACTUAL BACKGROUND

16.     On January 26, 2011, OFAC designated Plaintiff as a "Specially Designated Narcotics Trafficker" pursuant to the Kingpin Act. This designation blocked all of Plaintiff's property and interests in property that were or thereafter came within the United States or within the possession or control of a U.S. person.

17.     In its press release announcing Plaintiff's designation, OFAC provided only a single bare and conclusory factual allegation concerning the basis of Plaintiff's designation under the Kingpin Act.[3] Such a bare and conclusory allegation could not possibly be viewed as adequately informing Plaintiff as to the factual basis underlying his designation.[4] Nonetheless, this single allegation thus far represents the totality of the factual allegations disclosed to Plaintiff regarding his designation.

18.     By letter dated March 17, 2015, Plaintiff sought administrative reconsideration of his Kingpin Act designation pursuant to 31 C.F.R. § 501.807, contending that an insufficient basis exists for his designation or, alternatively, that there had been a fundamental change of circumstances to warrant rescission of his designation. Significantly, Plaintiff argued and provided supporting documentation evidencing his current activities as an agricultural worker in Lebanon and his previous work in Colombia as a clothing retailer.

---

[3] *See* PRESS RELEASE, Treasury Targets Major Lebanese-Based Drug Trafficking and Money Laundering Network, U.S. Dept. of the Treasury, Jan. 26, 2011, *available at* https://www.treasury.gov/press-center/press-releases/Pages/tg1035.aspx ("Joumaa's brothers Akram Saied Joumaa, Anwar Saied Joumaa and Mohamed Said Joumaa were designated for their involvement in the drug trafficking or money laundering activities of the Joumaa organization.").

[4] In *Al Haramain*, the Ninth Circuit found OFAC's press release deficient in adequately apprising the plaintiff in that case as to the factual basis of its designation and, as such, found a due process violation. 686 F.3d at 986.

19.     By letter dated May 5, 2015, Plaintiff requested a copy of the administrative record underlying his Kingpin Act designation. That request was sent via Federal Express, electronic mail, and facsimile.

20.     On May 5, 2015, OFAC issued a questionnaire, seeking information and documents responsive to a series of questions pertaining to Plaintiff's personal identifying information; his relationship with certain individuals and entities on the SDN List; his U.S. accounts and assets; and any additional information he might provide to OFAC. A copy of OFAC's questionnaire is attached hereto at Exhibit B.

21.     On August 3, 2015, Plaintiff filed a responsive submission to OFAC's May 5, 2015 Questionnaire. A supplemental response was provided to OFAC on October 13, 2015. Both submissions were made without access to the factual basis for Plaintiff's Kingpin Act designation, including but not limited to, a statement of reasons outlining the factual basis of his designation, the unclassified portions of the administrative record, and an unclassified summary of the classified portions of the administrative record.

22.     On November 17, 2015, OFAC sent Plaintiff a follow-up questionnaire seeking information and documents regarding Plaintiff's relationships with certain individuals and entities recently designated under the Kingpin Act. On December 21, 2015, Plaintiff responded to OFAC's November 17, 2015 Questionnaire and submitted additional analysis and considerations for why Plaintiff's Kingpin Act designation should be rescinded. As with previous submissions, this was likewise made without access to the factual basis for Plaintiff's designation, including but not limited to, a statement of reasons outlining the factual basis of his designation, the unclassified portions of the

administrative record, and an unclassified summary of the classified portions of the administrative record.

23. Plaintiff's efforts to understand the factual basis of his Kingpin Act designation have been met with inaction by the Defendants. Only an extraordinary remedy can resolve the issue. Accordingly, Plaintiff seeks judicial redress through injunctive relief, declaratory judgment, or, alternatively, the issuance of a writ of mandamus compelling Defendants to release the requested records.

24. The remedy of mandamus is only invoked in "extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Indeed, a party seeking issuance of the writ must demonstrate "(1) that the plaintiff has a clear and indisputable right to relief, (2) that the defendant has a clear, nondiscretionary duty to act, and (3) that the plaintiff has exhausted all other avenues of relief and has no other adequate remedy available to him." *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002).

25. In this case, Plaintiff's right to the records sought and the Defendants' duty to release such records is clearly established through the judicial interpretation of post-deprivation due process in similar designation cases. As explained in *Holy Land*, due process considerations require that a designated party receive notice of the designation – either while the designation is pending or post-designation – and be afforded an opportunity to present evidence to rebut the administrative record or otherwise negate the basis for their designation. *Holy Land*, 333 F.3d at 163 (relying on the due process analysis in *National Council of Resistance v. Dept. of State*, 251 F.3d 192, 208-09 (D.C. Cir. 2001)). The D.C. Circuit's determination as to what process is due is based on the underlying principle in due process jurisprudence articulated in *Mathews v. Eldridge*,

where the Supreme Court held that "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." 424 U.S. 319, 333 (1976).  Accordingly, in cases such as Plaintiff's, due process imposes a duty on the agency to disclose the unclassified portions of the administrative record relied upon to support the designation, as well as, in certain circumstances, a statement of reasons for the designation, in order for a designated party to respond to such evidence in a meaningful manner. *Holy Land*, 333 F.3d at 163-64; *Al-Haramain*, 686 F.3d at 984.

26.    OFAC's regulations do not provide specific procedures for the relief Plaintiff seeks vis-à-vis disclosure of the administrative record.  Thus, Plaintiff has sought relief through the submission of written requests to OFAC for the release of the administrative record.  Specifically, Plaintiff sought a copy of the administrative record on May 5, 2015 and has urged its release on subsequent occasions since that time, including in his August 3, 2015 submission responsive to OFAC's May 5, 2015 Questionnaire and his October 13, 2015 supplemental response to OFAC's May 5, 2015 Questionnaire.  A copy of these submissions are attached hereto as Exhibit C.

27.    Plaintiff has exhausted all available avenues in his pursuit of obtaining the evidence in OFAC's administrative record.  Despite these efforts, OFAC has failed to respond and intends to issue a decision in Plaintiff's reconsideration case that will be dependent upon evidence contained in the administrative record.  By foreclosing Plaintiff's opportunity to respond to the evidence leveled against him prior to making a formal decision on his reconsideration request, OFAC is obstructing Plaintiff's post-deprivation constitutional and administrative due process rights.  As such, Plaintiff is left

with no other means to obtain the records except via injunctive relief, declaratory judgment, or, alternatively, the issuance of a Writ of Mandamus.

### **RELIEF REQUESTED**

WHEREFORE, Plaintiff Anwar Saied Joumaa prays for injunctive relief, declaratory judgment, or, alternatively, issuance of a Writ of Mandamus from this Court:

1. Compelling OFAC to release (1) the unclassified and declassified portions of the administrative record; (2) an unclassified summary of the classified portions of the administrative record; and (3) a statement of reasons outlining the factual basis for Plaintiff's Kingpin Act designation;

2. Awarding Plaintiff's attorney's fees and costs incurred in this action; and

3. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: January 13, 2016

Respectfully submitted,

/s/ Erich C. Ferrari
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, DC 20004

Telephone: (202) 280-6370  
Fax: (877) 448-4885  
Email: Ferrari@ferrariassociatespc.com  
DC Bar No. 978253